Judge Owsley

delivered the Opinion of the Court.
The judgment to which this writ of error is prosecuted, except, as to the interest, is in strict conformity to the note upon which the original action in the circuit court was founded, but the interest is. made, by the .judgment, to commence the first of August 1821, and to continue to run until the debt is paid, whereas, by the stipulations of the note, interest. was not to commence running until the first of September of that year. As respects the time when *227 ibc interest is made to begin to run, therefore, the Judgment, is unquestionably erroneous.
Order ofcourt at the next term permit-) ing plaintiff to release the excessive interest.
Query — May an error in a judgment on a specialty as to the day of the commencement of interest be amenderl at a subsequent term.
An order in such case permiling plaintiff to-release the erroneous interest has itself no effect, nor can it give any additional operation to a release executed in pursuance thereof.
An error in a judgment prejudicial to a defendant cannot he cured by a re-, lease of th.a plaintiff.
This error appears to have been discovered by Burdett after the term of the court at which the judgment was rendered had elapsed, and, ata subsequent term, he applied to the court and obtained the following order.
“On motion of the plaintiff leave is given him to release one month’s interest on the judgment rendered in his favour against the defendants, at, the September term of this court, in the year 1822, it appearing that there was an error in entering said judgment.”
What would have been the effect of this order if it had purported to be an amendment of the error in the judgment as to the interest, is unnecessary now to be considered; for be that as it may, it is perfectly clear, that the order as made cannot be interpreted into an amendment of the error.
Notwithstanding the order, the judgment remains precisely as it was originally entered, and although Burdett was by the order permitted to release the errror, any release Which might be afterwards made by him could have no more effect upon the error in the judgment than would the execution of a release without the order.
And it has been repeatedly held that no er,ror in a judgment prejudicial to a defendant can be cured by a release of the plaintiff.
It follows, therefore, that although a release may have been executed by Burdett under the order, neither the release nor order can have removed or corrected the error in the judgment — and that of course the judgment must he reversed with cost, the cause remanded to the court below, and a judgment there entered in conformity with the principles of this opinion.
Cnpertnn for plaintiff; Crittenden for defendant,.